IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-35-D

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )    **ORDER**
                                )
$14,910.00 IN U. S. CURRENCY,   )
                                )
            Defendant.          )


On February 23, 2010 the Court entered an Order granting the Plaintiff's Motion to Compel Discovery Responses. The claimant was given until March 11, 2010 to fully and completely respond to the plaintiff's discovery requests, which consisted of both interrogatories and requests for production of documents. The claimant was warned by the Court that if he failed to respond to the discovery, "the court may take significant action, such as striking the claim and answer filed by the Claimant." No responses to the discovery have been received by the Government.[1] Nor has the claimant responded to this motion.

Rule 37(a) of the Federal Rules of Civil Procedure provides that a party may apply for an order compelling discovery. As a sanction for failure to comply with a discovery order, Rule 37(b)(2)(A)(iii) & (vi) provide that the court may dismiss the

---

[1] In the same Order, the Court allowed counsel for claimant, Lewis Thompson, to withdraw. Thus, no other counsel having made appearance, the claimant now appears *pro se*.

action or proceeding or render judgment by default against the disobedient party. In addition, Rule 37(b)(2)(A)(vii) provides that the court may treat the failure to obey a discovery order as contempt of court.

As the claimant has both failed to respond to discovery as required by the Court's Order or provide any reason for such failure to respond, in accordance with the above stated rule, it is hereby

ORDERED that the verified response filed by the claimant on April 29, 2009 is stricken as a sanction for his failure to obey the Court's Order.[2]

Further examination of the Court files and records shows that the defendant currency was served while in the custody of the United States Marshal on February 26, 2009 (Doc. #4).

Notice of publication was available on the www.forfeiture.gov web site between February 7, 2009 and March 8, 2009 (Doc. #5).

Examination of the Court files and records shows that service of plaintiff's Complaint and the Warrant of Arrest In Rem was made on James M. Ellis, a potential claimant of the

---

[2]Although Supplemental Rule G(5) requires both a verified claim and an answer to be filed, the Government accepted the single "Response to Verified Complaint" as meeting the requirements, as it made a claim, was responsive to the complaint, and was verified.

2

defendant, at his last known address, via certified mail return-receipt on February 12, 2009 (Doc. # 6).

Examination of the Court files and records shows that service of plaintiff's Complaint and the Warrant of Arrest In Rem was made on Porsche Latonia Coppin, a potential claimant of the defendant, at her last known address, via hand-delivery by a deputy of the U. S. Marshal's Service on June 11, 2009 (Doc. #11).

Examination of the Court files and records shows that service of plaintiff's Complaint and the Warrant of Arrest In Rem was made on John Dwayne Russell, a potential claimant of the defendant, via personal service by a deputy of the U. S. Marshal's Service on April 14, 2009 (Doc. # 7).

More than 35 days have elapsed since the date on which the in rem defendant and potential claimants were served with the Warrant of Arrest and a copy of the Complaint, excluding the date thereof.

No other person has filed a verified claim in this action or answered or plead as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims and, as the Court has stricken the claimant's Response, there is no responsive pleading. Accordingly, the Clerk of Court is hereby

DIRECTED to enter default against the defendant property, whereupon default judgment may be entered.

SO ORDERED this 15 day of June, 2010.

_____
JAMES C. DEVER, III
UNITED STATES DISTRICT JUDGE